[Cite as *State v.Merzlak*, 2016-Ohio-7039.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 15 MA 0179 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| MICHAEL MERZLAK, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from the Court of
                                   Common Pleas of Mahoning County,
                                   Ohio
                                   Case No. 14 CR 1056

JUDGMENT:                          Affirmed.

APPEARANCES:

For Plaintiff-Appellee:            Atty. Paul J. Gains
                                   Mahoning County Prosecutor
                                   Atty. Ralph M. Rivera
                                   Assistant Prosecuting Attorney
                                   21 West Boardman St., 6th Floor
                                   Youngstown, Ohio 44503

For Defendant-Appellant:           Atty. Kenneth Lewis
                                   Kenneth J. Lewis Co., L.P.A.
                                   1220 West 6th Street, Suite 502
                                   Cleveland, Ohio  44113

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                   Dated:  September 27, 2016

ROBB, J.

**{¶1}** Defendant-Appellant Michael J. Merzlak appeals the decision of Mahoning County Common Pleas Court finding him guilty of Aggravated Robbery, a violation of R.C. 2911.01(B)(1). The issues in this appeal are sufficiency of the evidence and manifest weight of the evidence. Specifically, was the evidence sufficient to go to the trier of fact, and was the conviction against the manifest weight of evidence. For the reasons expressed below, the conviction is affirmed.

Statement of the Case

**{¶2}** Appellant was indicted for Aggravated Robbery in violation of R.C. 2911.01(B)(1), a first-degree felony. 11/6/14 Indictment; 8/10/15 Amendment. Following a bench trial, the court found him guilty. 8/10/15 J.E.; 9/14/15 J.E. Appellant was sentenced to three years of community control. 9/14/15 J.E. The first twelve months were ordered to be served in the Mahoning County Justice Center. 9/14/15 J.E. Appellant timely appealed the conviction. 10/7/15 Notice of Appeal. Appellant requested a stay from the Mahoning County Common Pleas Court, which was denied. 10/7/15 Motion; 10/28/15 J.E. Appellant did not request a stay of the execution of his sentence from this court.

Assignment of Error

"The Defendant's conviction is not supported by sufficient evidence. The Trial Court erred to the prejudice of the defendant because the verdict was against the manifest weight of the evidence."

**{¶3}** Under this assignment of error, Appellant sets forth both a sufficiency of the evidence and manifest weight of the evidence argument.

A. Sufficiency of the Evidence

**{¶4}** Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict. *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). In reviewing the record for sufficiency, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a

reasonable doubt." *Smith*, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶5} Appellant was charged with and convicted of Aggravated Robbery in violation of R.C. 2911.01(B)(1) and (C), which states:

> (B) No person, without privilege to do so, shall knowingly remove or attempt to remove a deadly weapon from the person of a law enforcement officer, or shall knowingly deprive or attempt to deprive a law enforcement officer of a deadly weapon, when both of the following apply:
>
> (1) The law enforcement officer, at the time of the removal, attempted removal, deprivation, or attempted deprivation, is acting within the course and scope of the officer's duties;
>
> * * *
>
> (C) Whoever violates this section is guilty of aggravated robbery, a felony of the first degree.

R.C. 2911.01(B)(1) and (C).

{¶6} Officer Mark Gillette of the Youngstown Police Department testified that on October 4, 2014, he was working security for a concert being held at the Covelli Center in Youngstown, Ohio. Tr. 5, 7, 9. He was wearing his Youngstown Police Officer uniform and his duty weapon, a Sig Sauer P226 40 caliber semiautomatic handgun, was secured in the holster. Tr. 9-11, 15. He also testified the gun was operable and loaded. Tr. 9-10, 18.

{¶7} The officer was positioned inside the Covelli Center near section 216, which is referred to as the "vomitorium". Tr. 11. It is "where the general admission exists from the main bowl of the arena." Tr. 11. He explained there was a break between bands and everyone was coming out for intermission. Tr. 12. As he was observing the crowd, he felt two pulls on his service weapon. Tr. 13, 14. He spun around per his training for weapon retention and saw Appellant standing to his immediate right with his hands up. Tr. 13-14. The officer described Appellant as

standing with his hands up in the air, palms facing out, in a hands-off gesture. Tr. 14-15. Appellant then attempted to walk away. Tr. 20. The officer indicated the gun was not removed from the holster. Tr. 15.

{¶8} Officer Gillette was asked if he was sure his gun was grabbed. Tr. 16. He indicated he was certain due to his training; he was very familiar with how it feels to have someone come up behind you and grab the gun by the handle and pull it up. Tr. 16-18.

{¶9} As Appellant was attempting to walk away, Officer Gillette grabbed him in an escort position and walked Appellant towards the exit. Tr. 20. During the escort, Appellant began apologizing and said, "I didn't mean nothing by it." Tr. 20. The officer explained that although Appellant could walk without stumbling, Appellant exhibited behavior of someone who was intoxicated. Tr. 20.

{¶10} Once outside, Appellant was placed in handcuffs. Tr. 22. Officer Gillette testified Appellant asked him what he did wrong. Tr. 22. The officer responded that Appellant tried to pull the officer's gun out of the holster. Tr. 23. Appellant apologized to the officer. Tr. 23. Officer Gillette told Appellant he was under arrest. Tr. 23. At that point Appellant became agitated and belligerent. Tr. 23.

{¶11} Appellant's argument regarding sufficiency of the evidence focuses on the identity element of the offense. "Every criminal prosecution requires proof that the person accused of the crime is the person who committed the crime." *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, 19 N.E.3d 888, ¶ 15.

{¶12} Appellant contends there was insufficient evidence of identity because none of the state's witnesses, including Officer Gillette, testified they saw Appellant attempt to remove Officer Gillette's gun from the holster.

{¶13} Appellant is correct, there was no direct evidence of identity. However, there was circumstantial evidence of identity. "Like any fact, the state can prove the identity of the accused by 'circumstantial or direct' evidence." *Tate*, citing *Jenks*, 61 Ohio St.3d at 272–273.

{¶14} Circumstantial evidence is defined as 'testimony not based on actual personal knowledge or observation of the facts in controversy, but of other facts from which deductions are drawn, showing indirectly the facts sought to be proved.'" *State*

*v. Nicely*, 39 Ohio St.3d 147, 150, 529 N.E.2d 1236 (1988), quoting Black's Law Dictionary 221 (5th Ed.1979). "Circumstantial evidence and direct evidence inherently possess the same probative value." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph one of the syllabus. "'[C]ircumstantial evidence is sufficient to sustain a conviction if that evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, 837 N.E.2d 315, ¶ 75, quoting *State v. Heinish*, 50 Ohio St.3d 231, 238, 553 N.E.2d 1026 (1990).

**{¶15}** Officer's Gillette's testimony, when viewed in the light most favorable to the prosecution, provides sufficient circumstantial evidence that it was Appellant who attempted to remove the officer's gun from the holster. Once Officer Gillette felt the two tugs he turned around and saw Appellant standing there with his hands up. He also testified Appellant apologized saying, "I didn't mean nothing by it." That evidence could convince the average mind of Appellant's guilt beyond a reasonable doubt.

**{¶16}** Appellant's assertion that the evidence is insufficient to establish identity is meritless.

### B. Manifest Weight of the Evidence

**{¶17}** When reviewing a judgment under a criminal manifest weight standard of review, "[t]he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins*, 78 Ohio St.3d at 387. A reviewing court's discretionary power to reverse on manifest weight grounds and grant a new trial is exercised only in the exceptional case where the evidence weighs heavily against conviction. *Id*. This standard is a high one because the trier of fact was in the best position to determine credibility issues, by having personally viewed the demeanor, voice inflections and gestures of the witnesses. *State v. Ali*, 154 Ohio App.3d 493, 2003–Ohio–5150, 797 N.E.2d 1019, ¶ 36 (7th Dist.).

{¶18} As with Appellant's sufficiency of the evidence argument, Appellant's manifest weight of the evidence argument focuses on identity. He references his own testimony where he asserted he did not touch Officer Gillette's gun, his friend's testimony which indicated he did not see Appellant touch the gun, and Officer Gillette's testimony where he acknowledged he did not see Appellant touch the gun.

{¶19} Appellant testified that on October 4, 2014, he and his friend, Tom Wilkinson, came to Youngstown to go to a concert at the Covelli Center; they were celebrating Appellant's graduation from ITT Tech. Tr. 143. Tom picked Appellant up at his house in Medina, Ohio around noon on October 4, 2014. Tr. 144. They headed to Youngstown and stopped at a local sports bar, Warehouse 51, where they ate and had some drinks. Tr. 144. Appellant testified he had three 16 ounce beers and one shot of Fireball Whiskey. Tr. 145. After a period of time, they left and went to the Covelli Center to stand in line. Tr. 146. Once inside Covelli Center, Appellant had two to three more beers. Tr. 147. He admitted he was intoxicated, but denied feeling reckless. Tr. 147. During intermission they left the general admission area to get some food and a beer. Tr. 147-148. Appellant was a couple steps behind Tom when he was grabbed by the officer. Tr. 149-151. Appellant testified he was escorted out of the arena, placed in handcuffs and told he was under arrest for grabbing Officer Gillette's weapon. Tr. 154-157.

{¶20} Appellant testified he did not grab Officer Gillette's weapon at any point in time, and he did not make any body contact with the officer. Tr. 153-154. He admitted he was belligerent to the officer and that he apologized for being belligerent. Tr. 159-160.

{¶21} During his testimony, he admitted he has a drinking problem and he was on probation for an OVI. Tr. 161, 164. However, he testified he is not the type of person to try to grab an officer's gun; he is not "stupid." Tr. 161.

{¶22} Tom also testified. His testimony was very similar to Appellant's. He testified he was ahead of Appellant in the corridor and did not see Appellant grab Officer Gillette's firearm. Tr. 109, 114-115.

{¶23} As referenced above, Officer Gillette's testimony indicated he did not see Appellant pull on his weapon. Tr. 47-48.

**{¶24}** Appellant also focuses on what an officer is permitted to do when someone attempts to take another officer's weapon and they see it. Officer Gillette testified if another officer had witnessed Appellant attempting to take his firearm, that officer would have been authorized to use deadly force. Tr. 19. In response to the attempt to take his weapon, Officer Gillette did not tackle Appellant or draw his gun. Rather, he escorted Appellant from the building and placed him under arrest. During cross-examination the following dialog occurred:

Q. You never pulled your gun on [Appellant] during this incident as well?

A. There was a lot of people around. That would have created a bad situation. I would have never have done that.

* * *

Q. You feared for something catastrophic happening inside the Covelli Center?

Yes.

Q. And this is how you reacted. You turned around and you grabbed him, and you escorted him out of the building?

Yes.

Q. You didn't tackle him?

No.

Q. You didn't feel that was warranted?

No.

Tr. 41-42.

**{¶25}** Appellant argued to the trial court and continues to maintain if Officer Gillette really believed Appellant attempted to take his gun he would have responded more aggressively given the gravity of such an attempt.

**{¶26}** Given all the above, there is conflicting evidence. Officer Gillette's testimony provides circumstantial evidence Appellant committed the crime. Appellant testified he did not attempt to take Officer Gillette's firearm.

**{¶27}** "It is well-established that when conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the trier of fact believed the prosecution testimony." *State v. Lunsford*, 12th Dist. No. CA2010–10–021, 2011–Ohio–6529, ¶ 17. *See also State v. Samatar*, 10th Dist. No. 02AP–180, 2003–Ohio–1639, ¶ 113. This is true even if the state's evidence is purely circumstantial. *State v. Little*, 12th Dist. No. CA2014-01-020, 2014-Ohio-4756, ¶ 24. A conviction that is based solely on circumstantial evidence is no less sound than one based on direct evidence. *State v. Schwartz*, 7th Dist. No. 13 MA 79, 2014-Ohio-4418, ¶ 24.

**{¶28}** This was a bench trial. Even though the trial court was not required to give its reasoning as to why it believed, beyond a reasonable doubt, that Appellant was guilty of the offense, it conveyed its reasoning on the record:

So the questions now becomes what is the evidence, and does it prove the defendant guilty beyond a reasonable doubt.

We have two witnesses that were – the only two that have anything to do with and know anything about the actual incident, the police officer, Mr. Gillette, and the defendant. The defendant says I didn't do anything. I didn't fall into – I wasn't pushed into – I didn't accidentally touch – I never had my hand accidentally on – a weapon. It did not happen. The testimony of Mr. Gillette is I felt on my right side two yanks of my weapon, and I could feel it from my holster. He turns around. His testimony is the defendant raises his hand and says, I didn't mean it, and proceeds to then take him physically from that location out the front door and to the side of the building.

Defense counsel makes argument about if it was such a terrible circumstance, why wouldn't he put him to the floor or take him down, pull his weapon maybe and so on. I don't get that picture. In my mind

the testimony of the officer is pretty consistent with somebody who's been around the block, a lot of experience, understood the situation, and took what he thought was appropriate – and as it turned out to be – appropriate action by in effect placing the defendant in a positon where he could not cause harm.  He removes the defendant based on what he believes to be a serious and dangerous circumstance out of and away from a crowd of folks.

And the testimony of the policeman, it would defy logic to believe that he makes this up.  Why would he do that?  Why would he say this?  Obviously something happened.

And I then have to look at the young man who's had a lot to drink.  The argument made by defense counsel is he's celebrating.  He's on probation for this DUI.  He's got some drug problem – or drinking problem, and that it would just lack common sense for him to act like this. I think it's consistent with his behavior to act like this.  What I think occurred is that in a split second, in a goofy moment, not understanding the gravity of the circumstance, as he goes by the policeman, tugs twice on the weapon.  I believe he did it – I believe that the testimony of the officer is accurate in that regard – and then realizes how stupid I am, and as he goes outside realizes how stupid he is.  I don't think he's a stupid man, I think that the whole event, and the drinking, and the fact that he didn't understand the gravity when he did that.

* * *

But based on what I've just tried to put on the record, I believe that the state has proven beyond a reasonable doubt the fact that this defendant is guilty of this charge, and I find him so guilty.

Tr. 194-198.

**{¶29}** This reasoning is sound and demonstrates the trier of fact did not lose its way; the verdict is not against the manifest weight of the evidence.

## C. Conclusion

**{¶30}** The sole assignment of error is meritless. The evidence was sufficient to go to the trier of fact. The conviction is not against the manifest weight of the evidence. The conviction is affirmed.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.